UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ANN GASPAR, RICHARD
HETHERINGTON, and DAVID WINCH,

    Plaintiffs,                                    Case No. 08-13707

v.                                                    Honorable Patrick J. Duggan

DAVID DICKS, individually and in his
official capacity as Chief of Police of the
Flint Police Department, and the CITY OF
FLINT,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 29, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Lee Ann Gaspar, Richard Hetherington, and David Winch filed this action against the City of Flint ("the City") and David Dicks, the City's acting police chief, alleging that a City policy prohibiting police officers from communicating with the media violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution. Before the Court is Plaintiff Richard Hetherington's motion to disqualify the City of Flint Law Department from representing Defendant Dicks, filed on October 21, 2011. The matter has been fully briefed, and the Court is dispensing with oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court denies the motion.

## I. Background

Plaintiffs filed this suit on August 27, 2008, alleging that the media policy issued by the Flint Police Department on June 9, 2008 violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution. At the outset of this litigation, the City's Law Department represented the City. The City retained counsel to represent Defendant Dicks. Dicks' counsel asserted, among other affirmative defenses to the Complaint, that Dicks was entitled to immunity. Subsequently, however, a new mayor was elected, and the new City Attorney relieved Dicks' counsel of their duties. Thomas Kent, the Chief Deputy City Attorney, was assigned to represent Dicks.

Defendants filed a joint motion for summary judgment, and on December 29, 2010, the Court issued an Opinion and Order granting the motion in part. The Court granted summary judgment for Defendants with respect to Plaintiff David Winch's claims, and denied the motion in all other respects. Because Plaintiff Lee Ann Gaspar voluntarily dismissed her claims at an earlier date, Richard Hetherington is the sole remaining plaintiff in this action.

Defendants filed an interlocutory appeal, arguing that Dicks was entitled to qualified immunity. On May 4, 2011, the Sixth Circuit dismissed the appeal for lack of appellate jurisdiction, concluding that Defendants had not presented an argument for qualified immunity in the district court, and the issue could not be raised for the first time on appeal.

Hetherington has now moved to disqualify attorneys in the City's Law Department

2

from representing Defendant Dicks. Plaintiff asserts that the Law Department is subject to an impermissible conflict of interest, as the City and Dicks have conflicting liability defenses.

## II. Discussion

"[A] party's right to have counsel of choice is a fundamental tenet of American jurisprudence, and therefore a court may not lightly deprive a party of its chosen counsel." *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 9 F. Supp. 2d 572, 579 (W.D.N.C. 1998). In a suit brought under 42 U.S.C. § 1983, however, it is sometimes appropriate to prohibit the representation of multiple defendants by the same counsel due to a conflict of interest. The Second Circuit has aptly explained the rationale for such action:

> [S]ince the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978), municipalities can be held liable under section 1983 for employees' actions taken pursuant to municipal policy. After *Monell* the interests of a municipality and its employee as defendants in a section 1983 action are in conflict. A municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy. The employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his official duties. If he can show that his actions were pursuant to an official policy, he can at least shift part of his liability to the municipality. If he is successful in asserting a good faith immunity defense, the municipality may be wholly liable because it cannot assert the good faith immunity of its employees as a defense to a section 1983 action.

*Dunton v. Cnty. of Suffolk*, 729 F.2d 903, 907 (2d Cir. 1984) (citations omitted). The Sixth Circuit has agreed that "there is a 'need for sensitivity to the risk of conflict' in § 1983 suits." *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986) (quoting *Coleman v. Frierson*, 607 F. Supp. 1566, 1572 (N.D. Ill. 1985)). Counsel should be disqualified only

3

if he "actively represented conflicting interests" and an actual conflict of interest adversely affected his performance. *Gordon*, 788 F.2d at 1198 (citing *Cuyler v. Sullivan*, 466 U.S. 335, 350, 100 S. Ct. 1708, 1719 (1979)).

Defendants argue that Plaintiff lacks standing to raise defense counsel's alleged conflict of interest. The Court disagrees. The Sixth Circuit has stated that given the risk of conflicts of interest in § 1983 suits, "the judge and the parties have joint responsibility to guard interests that are actually threatened." *Gordon*, 788 F.2d at 1199. Moreover, the Michigan Rules of Professional Conduct, which apply to proceedings before this Court pursuant to Eastern District of Michigan Local Rule 83.22(b), specifically envision that opposing counsel may raise the conflict of interest. "Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question." Michigan Rule of Professional Conduct 1.7 cmt. (2011). The Court concludes that Plaintiff has appropriately raised the alleged conflict of interest.

The Court next considers whether the alleged conflict of interest is actual or merely speculative. Plaintiff argues that the Law Department has failed to raise the defense of qualified immunity on Dicks' behalf due to the Law Department's loyalty to the City. However, it is not clear that Dicks' success or failure in establishing qualified immunity would have any beneficial effect on the City's liability. The City could be found liable to Plaintiff even if Dicks is entitled to immunity. Dicks' defense of qualified immunity has no impact on the City's potential liability, and does not present a conflict of interest.

Plaintiff notes that City of Flint Ordinance § 35-80 excludes punitive damages from the category of damages for which officials are entitled to indemnity. Plaintiff contends

4

that the City therefore has an interest in arguing that only punitive damages may apply in this case. Compensatory and punitive awards are not mutually exclusive; the jury could award both punitive damages against Dicks and compensatory damages against the City. Dicks' assertion of a good faith defense to punitive damages therefore does not affect the City's potential liability for compensatory damages. The City has nothing to gain by failing to raise such a defense.

### III. Conclusion

As Plaintiff has failed to show an actual conflict of interest, his motion to disqualify Dicks' counsel must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff Hetherington's motion to disqualify Defendants' counsel from representing Defendant Dicks is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Gregory T. Gibbs, Esq.
Alec S. Gibbs, Esq.
Michael J. Steinberg, Esq.
Kary L. Moss, Esq.
Muna A. Jondy, Esq.
Sarah C. Zearfoss, Esq.
John A. Postulka, Esq.
Thomas L. Kent, Esq.